Arthur James ROSS, Jr., Petitioner–Appellant,

v.

J.N. KATAVICH, Warden, Respondent–Appellee.

No. 10–56297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2013.

Filed Jan. 2, 2014.

Arthur James Ross, Jr., Coalinga, CA, pro se.

Dana Muhammad Ali, Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

## MEMORANDUM \*

Arthur Ross, Jr. (Ross) appeals the district court's denial of his petition for habeas corpus. We affirm.

1. The sentencing court violated *Cunningham v. California*, 549 U.S. 270, 281–

82, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), by relying on aggravating factors not found by the jury to impose sentence. However, the California Court of Appeal affirmed the enhanced sentence in reliance on an aggravating factor (use of a firearm during the commission of the crime) that was found beyond a reasonable doubt by the jury. We review the California Court of Appeal's decision as the last reasoned decision from the state courts. *See Stanley v. Cullen,* 633 F.3d 852, 859 (9th Cir. 2011). Having done so, we conclude that the California Court of Appeal reasonably applied *Cunningham.*

2. Ross next asserts that the California Court of Appeal impermissibly considered the use of a firearm as both a sentence enhancement and to impose an upper term sentence. Tellingly, Ross relies on California Penal Code § 1170(b) and Rule 4.420(c) of the California Rules of Court as the sources of his claim. However, claims predicated on state law are not cognizable in federal habeas proceedings. *See Rhoades v. Henry,* 638 F.3d 1027, 1053 (9th Cir.2011), *as amended.*

3. Ross's claim that the California Court of Appeal unreasonably rejected his argument that his initial jury waiver was no longer effective on resentencing is similarly premised on state law, namely *People v. Solis,* 66 Cal.App.4th 62, 66, 77 Cal. Rptr.2d 570 (1998). As explained, state law claims are not cognizable in federal habeas proceedings. *See Rhoades,* 638 F.3d at 1053.

4. In light of our conclusion that no *Cunningham* error occurred, we need not address whether any *Cunningham* error was harmless. *See Ghent v. Woodford,* 279 F.3d 1121, 1127 (9th Cir.2002), *as amended* (declining to address an issue

---

that would not affect the ultimate resolution of the case).

5. We decline to certify Ross's claim that the trial court's denial of Ross's motion to sever his trial from that of his co-defendant violated Ross's right to a fair trial. We conclude that reasonable jurists would not hold the district court's assessment of Ross's constitutional claim to be "debatable or wrong." *Ybarra v. McDaniel,* 656 F.3d 984, 997 (9th Cir.2011), *cert. denied,* —— U.S. ——, 133 S.Ct. 424, 184 L.Ed.2d 289 (2012).

**AFFIRMED.**